UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CELSO PATINO,<br><br>                    Plaintiff,<br><br>          v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE CO,<br><br>                    Defendant. | No.  4:16-CV-05096-EFS<br><br>**STIPULATION AND PROTECTIVE<br>ORDER** |

## THE PARTIES TO THIS STIPULATION AND PROTECTIVE ORDER ARE AS FOLLOWS:

1.     Plaintiff Celso Patino, by and through his attorneys of record, Peter Hess and Kyle Olive.

2.     Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys of record, Heather Jensen and Laura Hawes Young.

3.     <u>Plaintiff's Discovery Demands</u>: Plaintiff may request production of certain documents by Defendant in conjunction with discovery in this litigation. Said requests for production may include a request for documents that constitute and reflect trade secrets and business/attorney work product or other confidential and proprietary research, development, and commercial information relating to claims handling, State Farm's internal processes, procedures, or training, or

personnel-related information.  State Farm asserts that it has a legitimate business interest in restricting dissemination of this information, particularly to competitors or adversaries.  State Farm asserts that to the extent these documents are subject to production, these documents shall remain confidential.  State Farm does not waive any rights it has to object to the production of requested documents or seek relief from the Court regarding certain documents or categories of documents that it believes are not discoverable.

4.    <u>Purpose of this Agreement</u>:  It is the purpose of this Order that Defendant may produce the requested confidential documents subject to the Order or in the alternative seek relief from the Court, and Plaintiff and his counsel promise that the confidential documents produced by Defendant will be used solely in this case; that the confidential documents produced by Defendant will not be used for commercial purposes; that the confidential documents produced by Defendant will not be used for non-litigation purposes; and that the confidential documents will not be disseminated to third parties or persons not necessary or involved in this litigation.

5.    <u>Agreement Not to Disseminate</u>:  Consistent with the purpose of this Order, Plaintiff, by and through his attorneys, Kyle Olive and Peter Hess, as counsel for Plaintiff, shall not to divulge, permit access to, or disseminate the confidential documents produced by Defendant during this litigation to any individuals or entities, except persons or individuals connected to or providing services in connection with the prosecution of this litigation.  Plaintiff is allowed to have the confidential documents reviewed and analyzed by attorneys, parties, and expert witnesses or consultants, providing services relating to this litigation.

/ / /

/ /

/

PROTECTIVE ORDER - 2
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1

6.    <u>Agreement Regarding Documents to Be Produced:</u>  Any documents identified and produced which are claimed to be confidential shall be produced to Plaintiff in accordance with the following:

a)    The documents shall be labeled CONFIDENTIAL on the face of the documents or Defendant shall otherwise give some indicia that it considers such documents confidential.

b)    In designating information or items for protection under this agreement, Defendant agrees to take care to limit any such designation to specific material that qualifies under the appropriate standards. Defendant will designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose Defendant to sanctions.

If it comes to Defendant's attention that information or items that it designated for protection do not qualify for protection, Defendant must promptly notify Plaintiff that it is withdrawing the mistaken designation.

c)    Defendant shall produce the confidential manuals and other documents, claimed to be confidential, by sending copies to Plaintiff's attorney within twenty one days of execution of this Order, with discovery responses once propounded, or if the subject of a motion, pursuant to the Court's order, whichever is later.

PROTECTIVE ORDER - 3
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1

d)     After the conclusion of this case, by settlement, judgment, or dismissal, **all copies** of confidential documents produced pursuant to this stipulation will be returned to counsel for Defendant or destroyed.  Plaintiff's counsel will confirm in writing that the documents have been destroyed.

e)     Documents not produced according to the above procedure are not claimed to be confidential and are not subject to the stipulation.

7.     <u>Possession of Documents by Third Parties</u>:  Attorneys Kyle Olive and Peter Hess, counsel for Plaintiff, will be the custodians of the confidential documents produced, and shall not grant possession of the confidential documents to any other person or entity, except as expressly authorized by the terms of this Order.  Counsel for Plaintiff may permit other persons or entities to possess and to view the confidential documents as follows:

a)     Any attorneys, associates, law clerks, paralegals, or secretaries at the law firms of Olive Bearb Law Group PLLC, and Hess Law Office, PLLC, who are actively engaged in the conduct of this litigation or performing tasks associated therewith.

b)     Parties, deposition and trial witnesses may view the confidential documents.

c)     Experts or consultants involved in or performing services related to this litigation.

d)     Court officials involved in this litigation, including, but not limited to, court reporters, persons monitoring video equipment at depositions, any special masters or discovery referees, judges, magistrates, workup attorneys, or law clerks.

/ / / /

/ / /

/ /

/

PROTECTIVE ORDER - 4
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1

e)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Whenever the confidential documents are viewed or provided to any person, attorney, expert, law clerk, paralegal, or secretary identified above, other than court personnel, counsel for Plaintiff agrees to require that the individual read and sign this Order, and agree to be bound by its terms and conditions. Counsel agrees to maintain the signed copies of the Order as part of their files.

8.    <u>Documents Submitted to the Court (e.g., filing documents, exhibits)</u>: If Plaintiff intends to use a portion of any CONFIDENTIAL document, that falls within the scope of this Order, in any court proceeding, Plaintiff shall file that document under seal and serve the opposing party with a hard copy of the document(s) so filed.  If Plaintiff inadvertently publicly filed any portion of any CONFIDENTIAL document, he shall seek leave from the Court to seal such document(s) and shall do so within seven days of realizing the public disclosure or being notified by Defendant of the public disclosure.

9.    <u>Nonwaiver</u>:  This Order is not, and shall not be interpreted as, a waiver by Plaintiff of any discovery rights or right to compel further production of documents.  This Order is not, and shall not be interpreted as, a waiver by Defendant to claim in this lawsuit or otherwise that the confidential documents or any documents described herein are privileged or otherwise nondiscoverable, or inadmissible.

10.    <u>Reconsideration</u>:  If a dispute arises about the propriety of Defendant designating any of the documents referenced in Paragraph 3 or Paragraph 6, as "confidential documents" protected by this Order, any party may apply to the Court for an order resolving such dispute.  The burden shall remain on Defendant to prove any claim of confidentiality.

PROTECTIVE ORDER - 5
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1

11.   <u>Violation of Order</u>:  Upon an alleged violation of this Order, the Court on its own motion or on the motion of any party, may grant relief as it deems appropriate in law or equity.  Should any provision of this Order be stricken or held invalid by a Court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

12.   <u>Inadvertent Disclosures</u>:  The parties agree that discovery materials may also be subject to the attorney-client privilege and/or work product protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / /
/ /
/

PROTECTIVE ORDER - 6
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1

The parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) to address any inadvertently produced attorney-client privileged or work product protected documents.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s Laura Hawes Young_____
*/s Laura Hawes Young*
Laura Hawes Young, WA Bar No. 39346
Email: Laura.Young@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, WA 98101
Attorneys for Defendant

**HESS LAW OFFICE, PLLC**

_____s/ Peter Hess_____
*s/ Peter Hess*
Peter Hess, WA Bar No. 37325
Email: peter@hesslawoffice.com
415 N. 2nd Ave
Walla Walla, WA 99362
Attorneys for Plaintiff

**OLIVE BEARB LAW GROUP, PLLC**

_____s/ Kyle Olive_____
*s/ Kyle Olive*
Kyle Olive, WA Bar No. 37325
Email: kyle@olivebearb.com
1218 Third Ave, #1000
Seattle, WA 98101
Attorneys for Plaintiff

## <u>ORDER</u>

IT IS HEREBY ORDERED that the foregoing Stipulated Protective Order be, and the same hereby is, ENTERED.

DATED THIS 21st day of October, 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

PROTECTIVE ORDER - 7
USDC ED WA CAUSE NO. 4:16-cv-05096-EFS

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4824-0176-2872.1